Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
U.S. Bank Trust N.A., as Trustee of Bungalow Series F Trust c/o BSI Financial Services, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>SHELDON IRVING HIRSCH<br>MELANIE MEILAN HIRSCH<br><br>    Debtor. | CASE NO.: 14-25618<br><br>DC: DJC-12<br><br>CHAPTER 13<br><br>**OBJECTION TO MOTION TO MODIFY CHAPTER 13 PLAN**<br><br>Date: 8/7/2018<br>Time: 1:00 pm<br>Courtroom: 32, Dept B<br>Location: 501 I Street, Sacramento, CA 95814<br><br>Judge: Christopher D. Jaime |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust N.A., as Trustee of Bungalow Series F Trust c/o BSI Financial Services, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Modified Chapter 13 Plan proposed by ("Debtors") Sheldon Irving Hirsch and Melanie Meilan Hirsch.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 1/1/2036 and is secured by a Deed of Trust on the subject property commonly known as 8149 Glen Alta Way, Citrus Hts, CA 95610. As of 5/28/2014, the amount in default was $63,770.33, as described in a Proof of Claim filed 8/22/2014.

The treatment in the original plan involved the modification of Secured Creditor's lien. During the time that the Debtors were being considered for a modification, the Trustee was to pay $1,735.00 per month as adequate protection payments. The modification was subsequently denied. As a result of the adequate protection payments, the default was significantly reduced. The following remains due:

| | |
|---|---|
| Escrow arrears: | $13,647.05 |
| Fee arrears: | $446.55 |
| 2 post-petition payments: | $1,952.86 |
| Suspense: | -$1,487.62 |
| **TOTAL:** | **$14,558.84** |

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS**

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is

impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. The proposed Modified Plan incorrect identifies Secured Creditor despite a Transfer of Claim having been filed. Further, the Modified Plan lists the wrong monthly payment. The monthly payment has not changed since the filing of the petition. It is $976.43. The reaminder of the plan treatment refers to the Additional Provisions. However, the Additional Provisions do not state how much will be paid to Secured Creditor. A breakdown of dividends is provided. The total dividends are more than $25,000 which is more than the amout owed to Secured Creditor. Beause the Modified Plan terms are confusing and have the wrong monthly payment, the Modified Plan cannot be confirmed.

### **CONCLUSION**

Any Chapter 13 Plan proposed by the Debtors must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtors be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: July 20, 2017         LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank Trust N.A., as Trustee of Bungalow Series F Trust c/o BSI Financial Services, its successors and/or assignees

| | |
|---|---|
| 1 | Kristin Zilberstein, Esq. (SBN: 200041) |
| 2 | Jennifer Bergh, Esq. (SBN: 305219) |
|   | Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837) |
| 3 | LAW OFFICES OF MICHELLE GHIDOTTI |
|   | 1920 Old Tustin Ave. |
| 4 | Santa Ana, CA 92705 |
| 5 | Ph:  (949) 427-2010 |
|   | Fax: (949) 427-2732 |
| 6 | kzilberstein@ghidottilaw.com |

Attorney for Creditor
U.S. Bank Trust N.A., as Trustee of Bungalow Series F Trust c/o BSI Financial Services, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO.:  14-25618 |
| | ) | |
| Sheldon Irving Hirsch and Melanie Meilan Hirsch, | ) | CHAPTER 13 |
| , | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| Debtors. | ) | |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On July 23, 2018 I served the following documents described as:

- **OBJECTION TO MOTION TO MODIFY CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Trustee** |
|---|---|
| Sheldon Irving Hirsch | Jan P. Johnson |
| 8276 Longden Cir. | PO Box 1708 |
| Citrus Heights, CA 95610-0836 | Sacramento, CA 95812 |
| | |
| **Joint Debtor** | **US Trustee** |
| Melanie Meilan Hirsch | Office of the U.S. Trustee |
| 8276 Longden Cir. | Robert T Matsui United States Courthouse |
| Citrus Heights, CA 95610-0836 | 501 I Street, Room 7-500 |
| | Sacramento, CA 95814 |
| **Debtor's Counsel** | |
| Diana J. Cavanaugh | |
| 2801 Concord Blvd. | |
| Concord, CA 94519 | |

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　Executed on July 23, 2018 at Santa Ana, California

/*s / Krystle Miller*
Krystle Miller

2
CERTIFICATE OF SERVICE